# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WHARF RETAIL PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:22-00449-KD-B |
| ) | |
| LANDMARK AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the Motion to Alter or Amend Judgment, (Doc. 170), and brief in support thereof, (Doc. 171), filed by Defendant Landmark American Insurance Company ("Landmark"), the Response, (Doc. 174), filed by Plaintiff Wharf Retail Properties, LLC ("Wharf"), and Landmark's Reply, (Doc. 177). This order also addresses Wharf's Motion for New Trial, (Doc. 175), and Landmark's Response, (Doc. 178). Upon consideration, and for the reasons below, Landmark's Motion to Alter or Amend Judgment is **GRANTED**. Wharf's Motion for New Trial is **DENIED**.

**I.    Background**

On August 14, 2024, the Court ordered that it would enter judgment in favor of Wharf in the amount of $1,745,061.58 after explaining that the jury's April 24 verdict (the "Verdict") was best understood as a general verdict with special written interrogatories under Rule 49(b); that the Court would subtract the $1,904,123.07 in prior payments Landmark made to Wharf before entering judgment; that the insurance policy's (the "Policy") coinsurance provision would

generally be applied in calculating a final judgment,[1] using the Verdict's "total replacement values;" and that Wharf was not due prejudgment interest. (Doc. 169 at 1–15). Later, Landmark filed a motion to alter or amend the judgment, and Wharf filed a motion for a new trial.

## II.     Landmark's Motion to Alter or Amend Judgment

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Here, Landmark's motion was properly filed within 28 days of the entry of judgment. The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). Upon consideration, and for the reasons set forth herein, Landmark's Rule 59(e) motion, (Doc. 170), is **granted**.

After reviewing the parties' briefs, the Court concedes that it manifestly erred in not applying step four of the Policy's coinsurance formula—that is, by not subtracting the per-building deductibles during its coinsurance calculations. See (Doc. 169 at 16–17); see also (Doc. 162 at 9) (depicting the Policy's coinsurance formula). The Court erroneously concluded that "it would be unfair and contrary to the Policy to give Landmark the benefit of the deductibles twice." (Doc. 169 at 16–17). For the reasons set forth in Landmark's memorandum in support of its motion to alter or amend judgment, "[the Court] erred by failing to subtract the [Policy's] deductible for each building from the total recoverable damages." (Doc. 171 at 2).

Specifically, the Court agrees that if no prior payments had been made by Landmark to Wharf, the judgment in this case would be **$3,126,143.73** ($3,649,184.65 minus total deductibles of $523,040.92). See (id. at 5–6). Landmark is entitled to a setoff of $1,904,123.07 for the reasons already stated in the Amended Memorandum Opinion and Order, see (Doc. 169 at 2–10),

---

[1] For reasons specifically set forth in its prior Order, the coinsurance penalty was not applied to all buildings insured under the Policy. See (Doc. 169 at 13).

*but from what would otherwise be the final judgment amount of $3,126,143.73.*[2] As Landmark put it, "[u]nder the current judgment as it now stands, Landmark stands to pay **$523,040.92** *more* than is owed simply because it made prior payments to Wharf Retail in advance of the jury's verdict." (Doc. 171 at 6). Put differently:

> The point is that both the coinsurance amounts and deductible amounts must be subtracted from the total covered damages as determined by the jury. Once this net amount is determined, Landmark is entitled to a credit for what it has already paid to Wharf Retail regardless of the reasons behind the payment.

(Id. at 5). The Court will therefore enter an amended judgment in favor of Wharf in the amount of **$1,222,020.66** ($3,126,143.73 minus the $1,904,123.07 prior payment).

### III. Wharf's Motion for New Trial

"The court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Here, Wharf's motion for a new trial was properly filed within 28 days of the entry of judgment. Upon consideration, and for the reasons set forth herein, Wharf's motion for new trial, (Doc. 175), is **denied**.

Grounds justifying a new trial include "that 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair . . . and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d

---

[2] "The Alabama Supreme Court held that when the defendant pled setoff and payment as an affirmative defense and the issue was severed from other issues at trial, the jury award—presumably a general verdict, no less—was permissibly reduced by the amount of the advance payments after a post-judgment hearing." (Doc. 169 at 9) (citing Keating v. Contractors Tire Serv., Inc., 428 So. 2d 624 (Ala. 1983)).

1241, 1254 (11th Cir. 2016) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). Thus, "[a] trial judge may grant a motion for a new trial if he believes the verdict rendered by the jury was contrary to the great weight of the evidence." Williams v. City of Valdosta, 689 F.2d 964, 973 (11th Cir. 1982). The court "is free to weigh the evidence," but to grant a new trial on evidentiary grounds, the court "must find the verdict contrary to the great, and not merely the greater, weight of the evidence." Id. Ultimately, a trial judge should grant a motion for a new trial when the verdict "will result in a miscarriage of justice." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). A "miscarriage of justice" is defined as "[a] grossly unfair outcome in a judicial proceeding, as when a defendant is convicted despite a lack of evidence on an essential element of the crime." Miscarriage of Justice, Black's Law Dictionary (12th ed. 2024).

Wharf makes four arguments in support of its motion for a new trial. (Doc. 175). First, that the failure to include a threshold question regarding whether Landmark carried its burden of proving insurable value in the verdict form resulted in a miscarriage of justice requiring a new trial. (Doc. 175 at 3). Second, that the verdict form using special interrogatories took the ultimate question on Landmark's coinsurance affirmative defense away from the jury, thereby resulting in a miscarriage of justice. (Id. at 6). Third, that the Court's application of a setoff in the amount of $1,904,123.07 effectively applies the setoff twice, thereby resulting in a miscarriage of justice. (Id. at 8). Fourth, that the Total Replacement Values ("TRVs") determined by the jury are against the great weight of the evidence and are outside the universe of possible awards supported by the evidence, thereby requiring a new trial. (Id. at 9).

### A. The failure to include a threshold question regarding whether Landmark carried its burden of proving insurable value in the verdict form did not result in a miscarriage of justice.

Wharf argues that the failure to include its "requested threshold question as to whether Landmark carried its burden resulted in a miscarriage of justice that impedes the integrity and fairness of the proceedings as a whole." (Doc. 175 at 4). In support, Wharf quotes an Eleventh Circuit case regarding the refusal to give a requested jury instruction: "A refusal to give a requested jury instruction amounts to an abuse of discretion when '(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party.'" Brink v. Direct Gen. Ins. Co., 38 F.4th 917, 923 (11th Cir. 2022) (quoting Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013)). And Wharf cites caselaw for the proposition that "[t]he district court is given wide discretion as long as the instructions and forms, considered as a whole, accurately portrayed the law, were sufficiently understood by the jury, and did not mislead the jury." Parker v. Warden, 546 F. App'x 859, 861 (11th Cir. 2013).

To start, the Court gave the requested jury instructions on Landmark's burden of proof. The jury instructions explained: "It is Landmark's burden to show by a preponderance of the evidence that the replacement value was greater than the limits of insurance stated in the policy." (Doc. 161-2 at 6 (Final Instructions to Jury)). At the jury instructions conference, the Court explained to the parties that "the burden of proof is not put in the verdict form in this instance. It's put in the jury instructions." (Doc. 173-1 at 14 (Transcript of Jury Trial Excerpt)). Therefore, the Court did not refuse to give requested jury instructions.

Moreover, Wharf's argument that the failure to include a threshold question on Landmark's burden in the verdict form "resulted in a miscarriage of justice" neglects basic law.

5

"We presume that a jury follows the instructions given to it by the district court." <u>Wilbur v. Corr. Servs. Corp.</u>, 393 F.3d 1192, 1201 (11th Cir. 2004). The Court instructed the jury that Landmark had the burden to show that the replacement value was greater than the policy limits. (Doc. 161-2 at 6). Wharf presumes that the jury did not follow the instructions. But under the law, we presume that the jury followed those instructions.

Finally, Wharf argues that the failure to include the threshold question on Landmark's burden "misled the jury to assume that they were required to make a finding of value." (Doc. 175 at 5). This argument neglects logic. The verdict form lists "NDA" or "no data available" for seven buildings on the question of the total replacement value. (Doc. 155). Logically, that means Landmark failed to carry its burden of demonstrating that the coinsurance penalty applies to six of those properties: East Coast Marine, Heron Pointe, Smokey's BBQ, New Maintenance Building, Management Office, and Blue Heron Garage. (Doc. 155). Landmark has conceded that the jury "did not determine the total replacement value of those buildings. Accordingly, no coinsurance penalty should be applied to those buildings." (Doc. 159 at 20).

In sum, the Court instructed the jury on Landmark's burden, and we presume the jury followed those instructions. The jury was not misled regarding Landmark's burden of proof. The verdict form indicates this where the listed total replacement value reflects no data available. The decision to not ask the jury the threshold question of Landmark's burden—but instead to instruct the jury on that burden—falls within the "wide discretion" of the district court. <u>Parker</u>, 546 F. App'x at 861. It has not resulted in a miscarriage of justice.

  **B. Using special interrogatories in the verdict form did not result in a miscarriage of justice.**

At the jury instructions conference, the Court explained that this case is a dispute over a contract, and the parties are bound under the contract's coinsurance policy. (Doc. 173-1 at 6). At

trial, "the Court ruled as a matter of law that Landmark did not waive and was not estopped from relying on the protection of the coinsurance provision to limit the amount that it owed under the Policy." (Doc. 169 at 10). The Court explained at the jury instructions conference that "as a matter of law, the coinsurance [provision] applies if the values are below what they are supposed to be." (Doc. 173-1 at 6).

The jury instructions made clear that whether the values are below what they are supposed to be was "a factual question" for the jury to determine. (Id.). "You [the jury] must also determine what the replacement value of each damaged building was immediately before the loss occurred. It is Landmark's burden to show by a preponderance of the evidence that the replacement value was greater than the limits of insurance stated in the policy." (Doc. 161-2 at 6). The verdict form indicates that Landmark failed to carry its burden on some of the properties in question. (Doc. 155). Therefore, the jury was asked to—and did—make factual determinations on whether the replacement values of the properties allowed the application of the coinsurance provision.

Wharf argues that the instructions and verdict form suffered from a "lack of clarity" that "results in a miscarriage of justice because, as detailed in Wharf's post-trial brief, the jury's damage analysis clearly and unambiguously demonstrates that the jury attempted to apply coinsurance by simply reducing the total ACV claim by 10%." (Doc. 175 at 8). Again, Wharf's presumption twists the law. "We presume that a jury follows the instructions given to it by the district court." Wilbur, 393 F.3d at 1201. Wharf presumes that the jury applied the coinsurance provision despite receiving no instruction from the Court to do so. No miscarriage of justice has resulted from the special interrogatories.

### C. The application of a setoff in the amount of $1,904,123.07 did not result in a miscarriage of justice.

Deducting the prior payment from the amount determined by the jury was required under Alabama law. (Doc. 169 at 9). A prevailing plaintiff in a breach of contract case is entitled to "that sum which would place [him] in the same condition he would have occupied if the contract had not been breached." Brendle Fire Equip., Inc. v. Elec. Engineers, Inc., 454 So. 2d 1032, 1034 (Ala. Civ. App. 1984). Landmark raised and preserved the issue of crediting its prior payments as an affirmative defense. (Doc. 169 at 9). And the jury instructions explained the law:

> If you decide that Wharf proved its claim against Landmark for breach of contract, you must also decide how much money will reasonably compensate Wharf for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Wharf in as good a position as it would have been if Landmark had not broken the contract. But the damages you may award are limited by the policy.

(Doc. 161-2 at 5). Therefore, "[i]t would not be 'appropriate' under the Alabama law of damages to enter judgment on the Verdict without subtracting the $1,904,123.07 that Landmark previously paid Wharf for losses covered under the Policy." (Doc. 169 at 10).

Wharf argues that "[t]he jury received no instructions to disregard the amounts already paid to Wharf in their calculations as to how much money would 'reasonably compensate Wharf for the harm caused by Landmark's breach.'" (Doc. 175 at 8). But the instructions directed the jurors to determine damages that would "put Wharf in as good a position as it would have been if Landmark had not broken the contract." (Doc. 162-1 at 5). And the instructions advised that "the damages [the jury] may award are limited by the policy." (Id.). Thus, "the Court here is left with the duty to apply the law consistent with the jury's interrogatories, which practically means it is obligated . . . to subtract $1,904,123.07 in prior payments before entering judgment." (Doc. 169 at 7).

8

Again, "[w]e presume that a jury follows the instructions given to it by the district court." Wilbur, 393 F.3d at 1201. "[T]rial judges are not empowered to fill in facts omitted from the answer to a special interrogatory." Burger King Corp. v. Mason, 710 F.2d 1480, 1489 (11th Cir. 1983). Therefore, "[i]t is not proper to deconstruct the sum of the Verdict's 'covered damages' and read into that after the fact the assumption that the jury deducted Landmark's previous payments." (Doc. 169 at 7–8).

The setoff of Landmark's prior payment from the jury award resulted from an application of the law. It will not result in a miscarriage of justice. A new trial is not warranted on this ground.

> **D. The TRVs determined by the jury are not against the great weight of the evidence and are not outside the universe of possible awards supported by the evidence.**

Wharf argues that the TRVs in the verdict "simply are not supported by the evidence and are against the great weight of the evidence." (Doc. 175 at 9). Wharf explains that the TRVs in the verdict "match the TRVs stated by Landmark's consultant Rob Senecal in his 2020 Report that was admitted [by Plaintiff]" which Landmark has admitted "are erroneous." (Doc. 175 at 9). This argument was squarely addressed in the Court's past order. (Doc. 169).

"[E]ven assuming that the jury's reliance on the 2020 Senecal Report involved repeating computational errors that Mr. Senecal subsequently disclaimed . . . , applying coinsurance based on Landmark's 'incorrect 2020 TRVs' does not require a new trial." (Doc. 169 at 14) (citation omitted). "A new trial [on damages] should be ordered only when the verdict is so excessive as to shock the conscience of the court." Carter v. DecisionOne Corp. Through C.T. Corp. Sys., 122 F.3d 997, 1006 (11th Cir. 1997). When considering a motion for new trial on evidentiary grounds, the court may weigh the evidence. Williams v. City of Valdosta, 689 F.2d 964, 973

(11th Cir. 1982). But to grant a new trial, the court "must find the verdict contrary to the great, and not merely the greater, weight of the evidence." Id. "When the jury's verdict is within the bounds of possible awards supported by the evidence, its award should not be disturbed." Carter, 122 F.3d at 1006 (quoting Narcisse v. Illinois Central Gulf Railroad Co., 620 F.2d 544 (5th Cir. 1980)).

Here, the TRVs determined by the jury were supported by the evidence introduced by Wharf. See (Doc. 175 at 9) ("The TRVs in the Verdict match the TRVs stated by Landmark's consultant Rob Senecal in his 2020 Report that was admitted as Plaintiff's Exhibit 56 (the "2020 Senecal Report")). The Court may weigh this evidence, but the Court cannot grant a new trial unless the verdict is against the weight of the evidence. In other words, the verdict must be outside the bounds of possible awards supported by the evidence. Wharf argues these determinations were "against the great weight of the evidence." (Doc. 175 at 9). Yet, the evidence supporting the TRVs determined by the jury was introduced by Wharf at trial. (Id.). The jury's TRVs "match" the TRVs in this evidence. (Doc. 175 at 9). It follows that the verdict was within the bounds of possible awards.

Landmark introduces another argument against granting a new trial based on this evidentiary challenge: the invited errors doctrine. (Doc. 178 at 9). "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." Ford ex rel. Est. of Ford v. Garcia, 289 F.3d 1283, 1293–94 (11th Cir. 2002) (quoting United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997)). This rule, by analogy, supports the following argument.

Wharf introduced the evidence of the 2020 Senecal Report. The jury's verdict matched that evidence. Now Wharf claims that the jury's reliance was an error, and that "there is no

10

evidence supporting" the jury's verdict. (Doc. 175 at 12). However, evidence introduced by Wharf supported the verdict. Any error with respect to the jury's decided TRVs were invited by Wharf.

In sum, "[t]he Court will not order a new trial on the issue of pre-storm property values, which were within the universe of possible awards supported by the evidence (*and were indeed introduced by Plaintiff at trial*) . . . ." (Doc. 169 at 15).

### IV.   Conclusion

The Court manifestly erred by not subtracting the per-building deductibles during its coinsurance calculations. The Court will enter an amended judgment in favor of Wharf in the amount of **$1,222,020.66** ($3,126,143.73 minus the $1,904,123.07 prior payment). Thus, Landmark's motion to alter or amend the judgment, (Doc. 170), is **granted**.

There are no grounds raised by Wharf supporting a new trial. Therefore, Wharf's motion for new trial, (Doc. 175), is **denied**.

**DONE** and **ORDERED** this **8th** day of **October 2024**.

>   **/s/ Kristi K. DuBose**
>   **KRISTI K. DuBOSE**
>   **UNITED STATES DISTRICT JUDGE**